IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DESIREE K. SCHOEN,

        Plaintiff,

   v.

STATE OF OREGON,

        Defendant.

Civil No. 10-1459-SU

ORDER

BROWN, Judge.

   *Pro se* Plaintiff initiated this civil action by the filing of a "Notice of Petition and Verified Petition for Warrant of Removal," seeking removal of a criminal action filed in the Circuit Court of the State of Oregon for Wallowa County, entitled *State of Oregon v. Desiree K. Shoen*, Court No. 10-M-6743, in which Petitioner is charged with two counts of Recklessly Endangering Another Person, two counts of Furnishing Alcohol to a Visibly Intoxicated Person or Person Under 21 Years of Age, and two counts

1 - ORDER -

of Allowing Consumption of Alcohol by Minor on Property.  For the reasons that follow, the case is REMANDED to the state court.

### **STANDARDS**

Pursuant to 28 U.S.C. § 1446(c)(4), a district court shall examine a removal petition promptly.  "If it clearly appears on the face of the petition and any exhibits annexed thereto that the petition for removal should not be granted, the court shall make an order for its summary dismissal."  *Id.; see also Davis v. Superior Court of California*, 464 F.2d 1272, 1273 (9th Cir. 1972) (court may remand patently frivolous case without a hearing); *Tomasino v. California*, 451 F.2d 176, 177 (9th Cir. 1971) (same).

### **DISCUSSION**

A state criminal prosecution may be removed to federal district court pursuant to 28 U.S.C. § 1443(1) if (1) "the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality;'" and (2) the denial of the specific civil right is manifest in a formal expression of state law or in an equally firm predictor.  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780, 792 (1966)); *see also Hewitt v. City of Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986); *Davis*, 464 F.2d at 1272; *California v. Tolefree*, 458 F.2d 494, 495 (9th Cir. 1972).

2 - ORDER -

Petitioner alleges this Court has original jurisdiction of the state criminal prosecution under numerous federal statutes and constitutional provisions.  Petitioner's charges, however, fall far short of the first requirement of 28 U.S.C. § 1443(1), and miss the second altogether.  Furthermore, the court should not interfere by injunction with a single state court prosecution in progress with no showing of harassment or persecution.  *Younger v. Harris*, 401 U.S. 37 (1971); *Perez v. Ledesma*, 401 U.S. 82 (1971).  Accordingly, Petitioner's attempt to remove the state criminal prosecution to this Court is without merit.  Moreover, because under no conceivable stretch of imagination could a proper claim be stated upon amendment, Petitioner is not entitled to a hearing.  *Tomasino*, 451 F.2d at 177.

## CONCLUSION

For these reasons, IT IS HEREBY ORDERED that this case is REMANDED to the Circuit Court of the State of Oregon for the County of Wallowa.  The Clerk of the Court is DIRECTED to terminate any pending matters and to close the file.

IT IS SO ORDERED.

DATED this <u>21st</u> day of January, 2011.

                                       <u>/s/ Anna J. Brown</u>
                                          ANNA J. BROWN
                                          United States District Judge